UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LUXOTTICA GROUP, S.P.A., AN ITALIAN CORPORATION<br><br>*PLAINTIFF,*<br><br>V.<br><br>CITY EYEWEAR, A TEXAS CORPORATION,<br><br>*DEFENDANT.* | CIVIL ACTION NO. _____<br>(JURY DEMAND) |

### PLAINTIFF LUXOTTICA GROUP, S.P.A.'S ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT AND JURY DEMAND

Plaintiff Luxottica Group, S.p.A. ("Luxottica") hereby complains of City Eyewear ("Defendant") and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claim in this action pursuant to 15 U.S.C. §§ 1114 and 1125, as these claims arise under the laws of the United States.

2. Luxottica is informed and believes, and thereon alleges that this Court has personal jurisdiction over Defendant because Defendant has a regular and established place of business located within this judicial district. Further, Defendant has a continuous, systematic, and substantial presence within this judicial district, including by offering for sale and/or selling infringing products in this judicial district. These acts form a substantial part of the events or omissions giving rise to Luxottica's claim.

3. Luxottica is informed and believes, and thereon alleges, that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1391(d) because Defendant is a company organized and existing under the laws of the State of Texas and has its principal place of business

located within this district, because Defendant has committed acts of infringement by offering to sell and/or selling products that infringe Luxottica's trademarks in this judicial district, and because Defendant has a regular and established place of business in this district.

## II. THE PARTIES

4. Plaintiff Luxottica is a corporation organized and existing under the laws of the Republic of Italy, having its principal place of business at Piazzale Luigi Cadorna 3, Milan, 20123 Italy.

5. Luxottica is informed and believes, and thereon alleges, that Defendant is a company organized and existing under the laws of the State of Texas, having its principal place of business at 8080 Harwin Drive, Suite D, Houston, Texas 77036.

## III. GENERAL ALLEGATIONS

6. Luxottica is the world's leading designer, manufacturer, marketer, and retailer of high-quality eyeglass frames and sunglasses.

7. Luxottica owns numerous trademark registrations, including U.S. Trademark Registration No. 0595513 for the mark WAYFARER for sunglasses (the "WAYFARER Mark").

8. The WAYFARER Mark was registered with the United States Patent and Trademark Office ("USPTO") on September 21, 1954 on the Principal Register. A true and correct copy of the certificate of registration of the WAYFARER Mark is attached hereto as **Exhibit 1**.

9. U.S. Trademark Registration No. 0595513 for the WAYFARER Mark has become incontestable through the filing of a declaration of incontestability with the USPTO.

10. The WAYFARER Mark has not been abandoned, canceled, or revoked. The WAYFARER Mark constitutes an enforceable trademark that uniquely identifies sunglasses as emanating from, sponsored by, and/or authorized by Luxottica.

11. As a result of Luxottica's widespread use and display of the WAYFARER Mark as

a distinctive trademark identifying sunglasses, (a) the public has come to recognize and identify products bearing the WAYFARER Mark as emanating from Luxottica, (b) the public recognizes that products bearing the WAYFARER Mark constitute high quality products that conform to the specifications created by Luxottica, and (c) the WAYFARER Mark has established strong secondary meaning and extensive goodwill.

12.     The products sold by Luxottica have been widely advertised, promoted, and distributed to the purchasing public throughout the United States and the world.

13.     Products sold under the WAYFARER Mark, by reason of their style and design and quality of workmanship, have come to be known to the purchasing public throughout the United States as representing products of high quality, which are sold under good merchandising and customer service conditions.  As a result the WAYFARER Mark, and the goodwill associated therewith, are of great value to Luxottica.

14.     By virtue of the wide renown acquired by the WAYFARER Mark, coupled with the national and international distribution and extensive sale of products distributed under this trademark, the WAYFARER Mark has become famous.

15.     Defendant has infringed and counterfeited Luxottica's famous WAYFARER Mark by using the exact mark in connection with the sale of identical goods, namely sunglasses.

16.     Defendant's acts complained of herein have caused Luxottica to suffer irreparable injury to its business.  Luxottica will continue to suffer substantial loss and irreparable injury unless and until Defendant is enjoined from its wrongful actions complained of herein.

17.     Luxottica is informed and believes, and thereon alleges, that Defendant's acts complained of herein are willful and deliberate.

## IV. FIRST CLAIM FOR RELIEF

(Trademark Infringement and Counterfeiting)
(15 U.S.C. § 1114)

18.     Luxottica repeats and re-alleges the allegations of paragraphs 1-17 of this Complaint as if set forth fully herein.

19.     This is a claim for trademark infringement and counterfeiting under 15 U.S.C. § 1114.

20.     Defendant is involved in the sale, offer for sale, distribution, advertising, and/or promotion of sunglasses that bear the WAYFARER Mark without Luxottica's consent.

21.     Long after Luxottica's adoption and use of the WAYFARER Mark, after the federal registration of the WAYFARER Mark, and after the WAYFARER Mark had become famous, Defendant has used marks that are identical to the WAYFARER Mark without Luxottica's consent in a manner that infringes upon Luxottica's rights in violation of 15 U.S.C. § 1114.  An example of Defendant's infringing use of the WAYFARER Mark from Defendant's website, www.cityeyewear.net, is shown below:



22.     Defendant's unauthorized use in commerce of the name WAYFARER in connection with the sale, offer for sale, distribution, advertising, and/or promotion of sunglasses

is likely to cause confusion, or to cause mistake, or to deceive.

23. Defendant adopted the name WAYFARER with the intent to unfairly compete with Luxottica, to trade upon Luxottica's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's products are associated with, sponsored by, originate from, or are approved by Luxottica, when they are not.

24. Defendant's activities constitute willful and intentional trademark infringement and counterfeiting of the WAYFARER Mark in total disregard of Luxottica's trademark rights, which renders this case exceptional under 15 U.S.C. § 1117. Defendant infringed Luxottica's trademark rights and counterfeited Luxottica's mark despite having knowledge that the use of the WAYFARER Mark was, and is, in direct contravention of Luxottica's rights.

25. Luxottica is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of the WAYFARER Mark in an amount that is not presently known to Luxottica. By reason of Defendant's actions, constituting unauthorized use and infringement of the WAYFARER Mark, Luxottica has been damaged and is entitled to monetary relief in an amount to be determined at trial.

26. Pursuant to 15 U.S.C. § 1117(b), Luxottica is entitled to recover treble damages for Defendant's counterfeiting of Luxottica's WAYFARER mark.

27. Due to Defendant's actions, constituting unauthorized use and infringement of the WAYFARER Mark, Luxottica has suffered and continues to suffer great and irreparable injury, for which Luxottica has no adequate remedy at law.

## V. SECOND CLAIM FOR RELIEF

(False Designation of Origin & Federal Unfair Competition)
(15 U.S.C. § 1125(a))

28. Luxottica repeats and re-alleges the allegations of paragraphs 1-27 of this Complaint as if set forth fully herein.

29. This is a claim for, unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

30. Defendant's use of the WAYFARER Mark without Luxottica's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Luxottica, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by Luxottica in violation of 15 U.S.C. § 1125(a).

31. Such conduct by Defendant is likely to confuse, mislead, and deceive Defendant's customers, purchasers, and members of the public as to the origin of Defendant's goods or cause said persons to mistakenly believe that Defendant and/or its products have been sponsored, approved, authorized, or licensed by Luxottica or are in some way affiliated or connected with Luxottica, all in violation of 15 U.S.C. § 1125(a).

32. Luxottica is informed and believes, and thereon alleges, that Defendant's actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

33. Luxottica is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's false designation of origin, false or misleading statements, descriptions of fact, false or misleading representations of fact, and unfair competition in an amount that is not presently

known to Luxottica.  By reason of Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, false or misleading representations of fact, and unfair competition, Luxottica has been damaged and is entitled to monetary relief in an amount to be determined at trial.

34.     Pursuant to 15 U.S.C. § 1117, Luxottica is entitled to recover (1) Defendant's profits, (2) any damages sustained by Luxottica, and (3) the costs of the action.  In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits, the Court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.  The Court may also award Luxottica its reasonable attorneys' fees for the necessity of bringing this claim.

35.     Due to Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, and unfair competition, Luxottica has suffered and continues to suffer great and irreparable injury, for which Luxottica has no adequate remedy at law.

36.     Defendant will continue its false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, and unfair competition, unless and until Defendant is enjoined by this Court.

### VI.  JURY DEMAND

37.     Luxottica hereby demands a trial by jury on all issues raised in Luxottica's complaint that are so triable.

## VII. PRAYER

**WHEREFORE**, Plaintiff Luxottica Group, S.p.A. prays for judgment in its favor against Defendant City Eyewear for the following relief:

    A.    That the Court find for Luxottica and against Defendant on Luxottica's claim of trademark infringement and counterfeiting under 15 U.S.C. § 1114;

    B.    That the Court find for Luxottica and against Defendant on Luxottica's claims of false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

    C.    That the Court issue a preliminary and permanent injunction against Defendant, its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendant, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

        1.    manufacturing, using, displaying, distributing, marketing, advertising, and/or selling any goods bearing the WAYFARER Mark or any mark confusingly similar thereto;

        2.    falsely designating the origin of Defendant's goods;

        3.    unfairly competing with Luxottica in any manner whatsoever; and,

        4.    causing a likelihood of confusion or injuries to Luxottica's business reputation;

    D.    That an accounting be ordered to determine Defendant's profits resulting from its trademark infringement, trademark dilution, false designation of origin, and unfair competition;

  E. That Luxottica be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy and as a remedy under 15 U.S.C. § 1117, including:

    1. all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions;

    2. all damages sustained by Luxottica as a result of Defendant's acts of trademark infringement, trademark dilution, false designation of origin, and unfair competition; and,

    3. the costs of this action;

  F. That such award to Luxottica of damages and profits be trebled pursuant to 15 U.S.C. § 1117;

  G. An Order adjudging that this is an exceptional case;

  H. That, because of the exceptional nature of this case resulting from Defendant's deliberate infringing actions, this Court award to Luxottica all reasonable attorneys' fees, costs, and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

  I. An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and,

  J. Such other and further relief as this Court may deem just and proper.

      Respectfully submitted,

      By: /s/ Robert "Eli" W. Kiefaber
        Robert "Eli" W. Kiefaber
        Texas Bar No. 24078065
        rkiefaber@kolawllp.com

KIEFABER & OLIVA LLP
808 Travis Street, Suite 453
Houston, Texas 77002
713-229-0360
832-460-6513—Fax

**Attorney-in-Charge for Plaintiff Luxottica Group, S.p.A.**

**Of Counsel:**

Michael K. Friedland (CA Bar. No. 157,217)
michael.friedland@knobbe.com

Lauren K. Katzenellenbogen (CA Bar No. 223,370)
lauren.katzenellenbogen@knobbe.com

Daniel C. Kiang (CA Bar No. 307,961)
daniel.kiang@knobbe.com

KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502